UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS, and TRUSTEES
OF OPERATING ENGINEERS' LOCAL
324 FRINGE BENEFIT FUNDS,

   Plaintiffs,

v.

UNIQUE CONSTRUCTION AND
SERVICES, LLC, and JIHAD ISSA,

   Defendants.
_____/

Case No. 21-cv-12287

Honorable Nancy G. Edmunds

## ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [11]

Plaintiffs are trustees for trust funds established pursuant to Section 302 of the Labor–Management Relations Act of 1947, as amended, 29 U.S.C. §§ 185, *et seq.* ("LMRA"), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), (the "Funds"). (ECF No. 1, PageID.1, 2.) Plaintiffs have filed suit against Defendant Unique Construction and Services, LLC, doing business as Unique Construction, for breach of a collective bargaining agreement ("CBA") that Unique Construction entered into with Plaintiffs to pay monetary amounts into the trust funds on behalf of those trust members working for Defendants. (*Id.* at PageID.4-6.) Additionally, Plaintiffs are suing Defendant Jihad Issa, the owner and officer of Unique Construction, for breach of fiduciary duty arising from his improper diversion of money that was required to be held in trust for payment of fringe benefit contributions to the Funds. (*Id.* at PageID.8-9.)

1

Before the Court is Plaintiffs' motion for default judgment for Defendants' failure to answer the complaint and appear in this matter. (ECF No. 11.) In their motion, Plaintiffs request that the Court issue a judgment against Defendants, order Defendants and any entity succeeding or acting as alter ego of either Defendant to in the future file timely and accurate contribution reports with the Funds and pay fringe benefit contributions timely and accurately, order Defendants to pay Plaintiffs the sum of $12,905.22,[1] and submit to an audit so that Plaintiffs can calculate the amounts Defendants owe from May 2021 onward. (ECF No. 11, PageID.38-39.) The Court relies on the declaration attached to Plaintiffs' motion and finds a hearing on the motion is not necessary. *See* E.D. MI L.R. 7.1(f)(2). For the following reasons, the Court GRANTS Plaintiffs' motion and ORDERS Defendants to submit to an audit within thirty days of this order.

## I.    Background

On September 28, 2021 Plaintiffs filed this lawsuit against Defendants Unique Construction and Services, LLC and Jihad Issa ("Defendants"). (ECF No. 1.) Defendants were served on November 15, 2021, and their answers were due December 6, 2021. (ECF Nos. 3, 4.) Neither Defendant filed an answer or otherwise responded to the complaint by the deadline or as of the date of this order. (ECF No. 11-1, PageID.43.) On December 7, 2021, Plaintiffs requested the clerk's entry of default as to both Defendants and default was entered for each that same day. (ECF No. 5, 6, 8.)

---

[1] Plaintiffs calculate the sum of $12,905.22 as follows: $8,002.61 in fringe benefit contributions disclosed in the audit billing covering work performed from May 2020 through April 2021, $1,510.45 in liquidated damages on the audit-disclosed delinquencies, $986.58 in interest on the audit-disclosed delinquencies, $262.73 in liquidated damages on untimely paid contributions for work performed from September 2020 through March 2021, $1,552.50 in attorney's fees, and $581.35 in expenses incurred by Plaintiffs as of December 9, 2021. (ECF No. 11, PageID.38 ¶1.)

Plaintiffs then filed the present motion for default judgment as to both Defendants on December 14, 2021. (ECF No. 11.)

## II.     Analysis

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Under some circumstances, the Court must conduct a hearing to determine the amount of damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). For instance, a hearing is required when "[w]here damages are unliquidated," since a default would result only in the admission of liability. *Id.* But here, the damages were set forth explicitly in the complaint and later adjusted to reflect additional interest accrued, attorneys' fees, and expenses. Therefore, no damages hearing is necessary. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (noting that a damages hearing on a default judgment is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation").

Additionally, Plaintiffs are entitled to conduct an audit consistent with CBA provisions. *See Hotel Employees and Restaurant Employees Intern Union Welfare/Pension Funds v. Caucus Club, Inc.,* 754 F.Supp. 539, 545 (E.D.Mich.1991) (noting that the

Supreme Court has held that a pension fund "may be granted injunctive relief ordering an audit of any payroll, tax and personnel records needed to accurately administer the fund.") (citing *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559 (1985)).

## III.     Conclusion

Accordingly, it is **ORDERED** that Plaintiffs' motion for default judgment against Defendant Unique Construction and Services, LLC, and Jihad Issa, is **GRANTED**. The Court will enter a judgment in the amount of $12,905.22 in favor of Plaintiffs Operating Engineers' Local 324 Fringe Benefit Funds and Trustees Of Operating Engineers' Local 324 Fringe Benefit Funds. Defendants are further **ORDERED** to submit to an audit by Plaintiffs consistent with the terms of the collective bargaining agreement within 30 days of this order.

The Court will permit Plaintiffs to file post-judgment motions if amounts are determined to be owing.

**SO ORDERED**.

  s/ Nancy G. Edmunds
  Nancy G. Edmunds
  United States District Judge

Dated: June 13, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2022, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager